May it please the court, my name is John Bartlett. I represent Roger and Sandra Manz, the appellants in this case. And the case before you today concerns the, is an issue of first impression in this circuit. And it concerns the interpretation and application of Section 505 of the United States Bankruptcy Code. And more precisely, the issue in this case is whether a bankruptcy court can take subject matter jurisdiction of a tax dispute between the debtor, and in this case the state of California, where there was an administrative decision rendered prior to the filing of the bankruptcy case, but the decision has not become final prior to the commencement of the bankruptcy case. And the statutory language in Section 505A is something of a linguistic gymnastics, in that initially it says the bankruptcy court may determine the legality or amount of any tax, regardless of whether or not it's been previously assessed, whether or not it's been paid, and whether or not it's been contested before and adjudicated by an administrative or judicial tribunal of competent jurisdiction. The statute goes on in Subsection A2, Capital A, to put a limit on that. And that limitation is that the bankruptcy court may not address the amount or legality of a tax if the amount or legality of that tax was contested before and adjudicated by a judicial or administrative tribunal of competent authority before the commencement of the bankruptcy case. And your point is that it was not in this case. That's correct, that the administrative decision had not become final prior to the bankruptcy case being commenced. And that was because there was a petition for rehearing? There's two reasons. Number one, the actual decision of the California State Board of Equalization had not by state law become final. And, two, there was also a petition for reconsideration that had been filed before the bankruptcy case commenced that had not been resolved. And, in fact, that was not resolved until several weeks after the bankruptcy case was commenced. And what appeals are available to you of the Board of Equalization determination within the state court system had you chosen to appeal and had the bankruptcy not intervened? Well, their next step would have, after the petition for reconsideration had been resolved, would have been filing. They would have had to pay the tax portion of the deficiency or some portion of the tax portion of the deficiency and file the claim for refund with the State Board of Equalization. Once that's determined, then they would have the right to bring an action in a superior court seeking a refund of that tax that had been paid. So it's all judicial, state law judicial remedy in the state of California. But there are available judicial remedies for appealing what the administrative agency did. Yes, but that's the way you would do it. Okay. Can I ask you a question? Certainly. Under bankruptcy law and the automatic stay, I know the automatic stay is not directly involved here, but in a case where there's a petition filed, the first question I have is, would the automatic stay immediately freeze any administrative proceeding with the State Board of Equalization? I know it didn't happen here, but is it supposed to under the statute? Well, I would say the answer to that is if the parties notify the court, if you will, and this is what I have had some. You mean the State Board? Right. In this case, it would be the State Board, the adjudicative body. If they're notified that there's a bankruptcy pending, then the court, the state jurisdiction will typically stay the proceedings until there's been some direction from the bankruptcy court. You're not answering the question. Well, the question is, as a matter of federal bankruptcy law, under the Federal Bankruptcy Act and the automatic stay, as soon as there is a petition of bankruptcy filed that involves and the debtor is the same entity that's before the administrative body, does that automatically stay the tax proceeding? I would say not necessarily. There's nothing specific in Section 362A of the Bankruptcy Code, which is the automatic stay provision, that would necessarily bar a pending state court proceeding, whether it's an administrative proceeding or a court proceeding, from proceeding simply due to the filing of the bankruptcy case. However, it would stay any attempt to enforce any order that came out of it. Well, let me then ask, let's assume you're wrong about that, and the automatic stay would, upon notice to the State Board, freeze that. Could the bankruptcy court then, once the attention is brought to that issue, make a decision whether to permit, lift the stay and permit the state proceedings to run its normal course on the tax issue? Yes. And in my experience, that's typically what happens, at least in the state court proceeding, for an example. There's a pending state court action involving the debtor, for example, and it has something to do with the money judgment or something like that. If it hasn't been finally resolved, typically if a bankruptcy is interposed, we have local rules, at least in Nevada anyway, that require the courts to be notified of that, and they may, depending on the posture of the case, the state district court may stay the proceedings until the stay has been lifted by the bankruptcy court to proceed. Okay. Thank you. There appears to be a unanimity in the cases that have interpreted Section 505A, that if the state court proceedings, whether they're administrative or judicial, have been concluded, finally concluded, prior to the commencement of the bankruptcy case, then the bankruptcy court would not have jurisdiction under the limitation in Section A2, capital A. Why does finality matter at all? Finality matters, Your Honor, simply because the language of the statute initially, the general rule or the initial portion of the statute. What is the specific language in the statute requiring finality? There's nothing specifically in Section A2, capital A, that says that the prior adjudication has to become final. However, that has been the interpretation that's been placed on it by numerous courts. First you said the language of the statute. Then you said the language of the statute does not prescribe finality. Well, you have to take the statute in context. First it says that a bankruptcy court has jurisdiction to resolve tax disputes, even if there has been a prior adjudication. And then the limit it places on that is if the prior adjudication took place before the commencement of the bankruptcy case. Now, the state's argument is that any adjudication prior to the commencement of the bankruptcy case cuts off bankruptcy court jurisdiction. However, there's only one case that has said that. Every other case where a proceeding was pending at the time of the bankruptcy case was filed has interpreted the statute as allowing the bankruptcy court to take jurisdiction. And there's been numerous cases cited in the brief on that. States only cited one that came to the opposite conclusion. The bankruptcy judge had an alternative holding. Number one, that the bankruptcy judge had no jurisdiction. Number two, that if the bankruptcy court had jurisdiction, nonetheless, the bankruptcy court was precluded by res judicata. Correct. District court didn't reach that, but could you address briefly the res judicata argument? Well, I think the bankruptcy judge was mistaken on that because basically Section 505 codifies the principle of res judicata. But then that's where the limitation in 828 comes from, is that's a codification of the doctrine of res judicata, which, again, implicitly includes the principle of finality into that statute. In order for res judicata to apply, the decision has to become final before the bankruptcy case commenced. And by then, under the reading you're now giving it, by definition, if the bankruptcy court has jurisdiction because the state proceeding is not final, there, therefore, cannot be res judicata? That's correct. Prior to the bankruptcy case, which means they can take jurisdiction, even if the state court proceeding proceeds to whatever is pending at that point in time, you know, proceeds on to a decision. Okay. Since that took place after the commencement of the case, the statute specifically says that the court can take jurisdiction of the dispute. Okay. Your time is run. This is a complicated enough matter. We'll give you a minute in rebuttal if you need it. Thank you. Thank you. Good morning, Your Honors. Barbara Gross, appearing for the Applee California State Board of Equalization. Your Honors, may it please the Court, I'd like to begin by addressing Justice Alsop's query about the automatic stay, because I believe it is important here, and also clarify, I believe, a misstatement by Mr. Bartlett. Depending on the stage of the proceedings in front of the State Board of Equalization pending at the time of the bankruptcy, 362A1 would stay the proceedings because the State Board of Equalization proceeding is a proceeding to enforce a claim against the debtor, namely collection of the state sales tax. However, at the time these appellants filed bankruptcy on May 20th, there was no proceeding in place, or there was no the procedure of the proceeding was not to state a claim. There was merely the ministerial passage of time between when the final action was served on the debtors, May 1st and 3rd, and then the 30 days before that decision would become final. But there was also the email that in the end was treated as a petition for rehearing. That's correct, Your Honor. That was also pending. Well, the email went out, the email to Governor Davis was dated May 8th, and it wasn't until post-petition June 5th that the State Board responded to the email saying, we received your email to Governor Gray Davis, and if you'd like, we can treat this as a petition for rehearing. You need to let us know if you don't want us to do that. And it's clear, it's not clear in the record, Your Honor, that that's the timing of that. Okay. It sounds as though what you're asking us to do is to say that there's some requirement of finality into the statute. That is to say, the bankruptcy court has jurisdiction while a proceeding in the State Board of Equalization is pending, but at some point it becomes final enough that the bankruptcy court does not have jurisdiction? That's basically your argument? Correct, Your Honor. The statute merely says that the tax liability has been adjudicated. The natural meaning of the word adjudicated is decided. In many of the cases cited by the appellant, either there has been a notice of determination of tax liability and the debtor has either filed the first pleading in opposition or has not filed any pleading in opposition. What about a proceeding where we've got interlocutory rulings, and so I decided this thing and there's something else pending? Is the bankruptcy judge deprived of jurisdiction as to which there's been an interlocutory ruling? Does that say it's been decided? It would be up to the bankruptcy judge to review the facts of the case to determine whether some of the cases look at has there been an opportunity for a full and fair hearing. And if there's an interlocutory decision after the parties have gone back and forth and there's been re-audits or something like that, the bankruptcy court judge can say, well, these people have had, you know, they've presented evidence and there has been an adjudication, or they can look and say, well, they've presented evidence, the state board has come back with a re-audit and has issued another decision, but now these debtors have appealed it again, and so I'm going to say that's not an adjudication, but it would be on a case-by-case basis. Yeah, that's a messy rule. That is to say, under your reading of this statute, we've got to look kind of deep into the guts of the estate administrator proceeding to decide whether or not the bankruptcy judge has jurisdiction. Wouldn't it be simpler to say adjudication means final adjudication, as we normally do for taking an appeal or lots of other purposes? Well, Your Honor, that's a good point, but this statute does not use the word final, and as opposed to Section 523A11, where for purposes of non-dischargeability with regard to embezzlement by someone who works at a financial institution, it says that non-dischargeability or the crime-related expense there will be non-dischargeable if there is a final order in that matter. And so Congress knew about the word final, and they knew where to put it in the code section or where to put it in the code if they wanted. And also another policy against requiring finality is almost all of these administrative agencies' decisions have an appeal period. Can I ask you a question that ties into the automatic stay? And I'm more familiar with the automatic stay in ordinary litigation, but this would be in some ways ordinary litigation. So let me give you a hypothetical way in which maybe these statutes work together. When someone files a petition in the bankruptcy court, the automatic stay of Section 362 immediately becomes effective by operation of law. The reason for that is to freeze the status quo so that the bankruptcy court can take charge of the assets, marshal them, so forth, run through the process to get to a final adjustment of the debtor's obligations. Then you have before the bankruptcy court there typically are motions to get relief from the automatic stay so that other litigation can continue and run its course. Sometimes the bankruptcy court says, okay, you can continue with that class action, or you can continue with that effort to retrieve some property. But that's not on a case-by-case basis. Now, why shouldn't these statutes be construed so that with respect to taxes it works the same way? Well, if the bankruptcy judge feels that the state system is almost on the verge of giving a final adjudication, the bankruptcy judge can simply say, okay, go back to state court, let it run its course, come back here in a few months, and we will treat that final adjudication in doing the final accounting. On the other hand, the bankruptcy judge may say, no, it's not far enough along. This court is in a better position to adjudicate that, make a decision, just like it would do on any other litigation. Now, if that were the scheme that Congress had in mind, then that would mean final adjudication means final adjudication, because anything short of a final adjudication would be something that the bankruptcy judge would have discretion to either keep for his or her own docket or to farm out to the state court to finish up its job. Now, what's wrong with that as a matter of how the overall bankruptcy code ought to work? Your Honor, there's actually nothing the matter with that. But the bankruptcy court already provides, I believe it's in Section 107, that the automatic stay does not extend a ministerial act such as just the passage of time in order for, for example, here, a decision to become final. If the State Board of Equalization had not yet issued its final action, then, Your Honor, it's correct that the State Board would need to come into bankruptcy court and get relief from the automatic stay to issue the final action. Perhaps that's right. But what your agency here did was perhaps no good deed goes unpunished. You treated that email to the governor, which you didn't have to do, but you did, and you treated it as a motion for rehearing. You were trying to do a good deed, and you got hoisted on that. It seems to me that you then, it wasn't final. Unless that was just a charade and a sham, you were, in fact, going through a motion for reconsideration. Isn't that true? That's correct, Your Honor. And that is actually the basis of the bankruptcy court judge's decision for treating this as a res judicata issue, because the petition for rehearing, which is the way the email was treated, became final in September of 2000, and this claim objection hearing started in about June of 2001, and that's why the bankruptcy court judge said, well, even if 505A2A, maybe I'm doing that wrong, at this point, September of 2000, the petition for rehearing has been denied, and it is res judicata as of this point. So in a way, you're saying that the state court system did run its course. Correct, Your Honor. Postpetition at the urging of the debtor. Even with the motion for rehearing, it did run its course. Yes, Your Honor. Even though, because they never got word of the automatic stay. Correct, Your Honor. All right. So you're treating the res judicata ruling as a de facto, this is too much Latin, nonc pro tonc, lifting of the automatic stay and then recognition of the judgment that was entered in violation of the automatic stay, but since we lifted it nonc pro tonc, it wasn't in violation. Your Honor, it's not necessary to even address the automatic stay issue, because the automatic stay does not stay actions by the debtor, and this was an action by the debtor to go with its petition for rehearing. You're relying on DELPIT for that? I'm sorry? On our DELPIT case for that? Your Honor, I'm sorry. I'm drawing a blank on the case. Okay. No. It's more automatic stay, which is in a sense not in front of us, and we're sort of playing this out, so I understand why you may not be entirely up on those cases. Okay. But in an action commenced by the debtor, the automatic stay does not apply to an action commenced by the debtor, and the notice for rehearing, the e-mail to Governor Davis was actually treated as the motion for a rehearing. That doesn't turn it into a proceeding initiated by the debtor, I don't think.  Thank you, Your Honor. Nice argument. Thank you. Let's try a minute for about one. Thank you. The one point that I wanted to make in listening to this colloquy that was going on was that, again, the statute 505A says that a bankruptcy court can't take jurisdiction over tax refute, regardless of whether there has been an adjudication by an administrative or judicial tribunal of competent jurisdiction. It says that right in the statute. The limiting language says that it can't take jurisdiction if the prior adjudication or the adjudication took place prior to the commencement of the bankruptcy case. So if in this case we have a petition for rehearing that is decided by the State Board after the commencement of the bankruptcy case, I would say that would fall into the language in 505A and not the limiting language, because that took place after the case started, regardless of whether the State should have been invoked, perhaps, to interrupt that process. The fact is that was a post-bankruptcy case commencement decision. Okay. Thank you very much. Thank you argument for both sides. The case of Mance v. California State Board of Equalization is now submitted.
judges: Dw Nelson, W. Fletcher, Alsup